LAW OFFICES OF USMAAN SLEEMI
Usmaan Sleemi, Esq. [NJ ID 043072009]
101 Eisenhower Parkway, Suite 300
Roseland, NJ 07068
T: 973.866.9415 | F: 973.775.9584
usleemi@sleemilaw.com
Attorneys for Plaintiff

SUPERIOR COURT OF NEW JERSEY
ESSEX VICINAGE
JUN 2 3 2017
FINANCE DIVISION
RECEIVED / FILED

| | |
|---|---|
| WILLIS COCO,<br><br>    Plaintiff,<br>v.<br><br>561 SUMMIT REALTY, LLC, ELITE MANAGEMENT HOLDINGS, LLC, SAM PESSAR, AND YONI PESSAR,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>ESSEX COUNTY – LAW DIVISION<br><br>Docket No. L 4893-17<br><br>Civil Action<br><br>COMPLAINT |

1. Plaintiff Willis Coco ("Coco" and/or "Plaintiff"), residing at 83 Willowdale Avenue, in the Township of Montclair, in the County of Essex, New Jersey, states by way of Complaint against Defendants 561 Summit Realty, LLC ("561"), Elite Management Holdings, LLC ("Elite"), Sam Pessar ("Sam"), and Yoni Pessar ("Yoni") (collectively referred to herein as "Defendants"):

## FACTUAL ALLEGATIONS

2. 561 is a residential real estate holding company.

3. Elite is a property management company. Elite manages 561's properties.

4. 561 and Elite are so integrated that they are, in effect, one entity.

5. Upon information and belief, Sam is the president and managing member of both 561 and Elite.

6. Upon information and belief, Yoni is the vice president and a member of both 561 and Elite.

7. Upon information and belief, there is an interrelation of operations between 561 and Elite.

8. Upon information and belief, 561 and Elite share employees, services, records, and equipment.

9. 50 South Walnut Street, East Orange, New Jersey ("50 South Walnut") and 52 South Walnut Street, East Orange, New Jersey ("52 South Walnut") are residential apartment buildings owned by 561.

10. 561/Elite employed Coco as a building superintendent for 50 South Walnut and 52 South Walnut from on or around June 15, 2015 to on or around April 21, 2017.

11. During Coco's employment with 561/Elite, Sam and Yoni determined the wages and compensation of employees, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

12. Coco regularly worked over 40 hours per work week during his employment with 561/Elite. In exchange for Coco's services, 561/Elite provided Coco with an apartment at 50 South Walnut. The fair value of this apartment was significantly less than the monthly minimum wage. Coco did not receive any other wages – other than a "Christmas bonus" of approximately $30 in December 2015 and a "Christmas bonus" of approximately $20 in December 2016 – from 561/Elite.

13. Initially, Coco's duties were to collect rent, show vacant units, and clean the common areas.

14. In or around January 2016, Coco approached Duane Baker ("Baker"), the property manager of 50 South Walnut and 52 South Walnut, and complained to Baker about not being paid any cash wages by 561/Elite. Baker told Coco that it was "standard" for

superintendents to only receive "room and board." Coco then asked Baker if he could do maintenance and repair work at 50 South Walnut and 52 South Walnut in order to earn cash wages. Baker told Coco that this would be fine.

15. Shortly thereafter, Coco, in addition to his existing duties, started doing maintenance and repair work at 50 South Walnut and 52 South Walnut.

16. 561/Elite did not pay Coco any cash wages even after Coco took on these additional responsibilities.

17. During the middle and end part of 2016, Coco complained to Baker several more times about not being paid by 561/Elite. Almost every time Coco complained to Baker about not being paid by 561/Elite, Baker would tell Coco that he would have to take things up with Yoni. Whenever Coco would try to discuss his pay with Yoni, however, Yoni would give Coco the runaround.

18. In or around February 2017, Coco, during a telephone conversation with Yoni, asked Yoni when he would be paid for his work. Yoni told Coco that if Coco gave Baker a list of completed repairs and maintenance performed, he would make sure that Coco was paid for his work.

19. Soon thereafter, Coco gave Baker a list of completed repairs and maintenance performed.

20. In or around early April 2017, Coco, who had still not received any pay from 561/Elite, called Yoni and told Yoni that he had given a list of all completed repairs and maintenance performed to Baker, but still had not received any pay from 561/Elite. Yoni told Coco that he had not received anything from Baker, but that if Coco sent him a list of completed repairs and maintenance performed, he would make sure that Coco was paid for his work.

21. On or around April 21, 2017, Baker told Coco that his services were no longer needed and that he was being "dismissed."

22. Upon information and belief, Sam and Yoni made the decision to terminate Coco's employment.

## COUNT ONE – WHISTLEBLOWER RETALIATION

23. Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

24. Plaintiff reasonably believed that 561/Elite's conduct violated a law, regulation, or public policy.

25. Plaintiff objected to 561/Elite's conduct.

26. Plaintiff suffered an adverse employment action.

27. There exists a causal connection between the whistleblowing activity and the adverse employment action.

28. Defendants' actions violated the New Jersey Conscientious Employee Protection Act ("CEPA").

29. Defendants' actions were especially egregious and were motivated by actual malice or were the result of a willful and wanton disregard for the harm to Plaintiff.

30. Defendants have caused Plaintiff to suffer economic, physical, and emotional harm.

**WHEREFORE**, Plaintiff demands judgment against Defendants and seeks back pay, front pay, lost benefits, other compensatory damages, emotional distress damages, punitive damages, interest, compensation for the negative tax consequences of receiving a damage award in the form of a one-time lump sum, attorney's fees, costs of suit, and such other relief that the Court may deem just and proper.

## COUNT TWO – RETALIATION FOR WAGE COMPLAINTS

31. Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

32. Plaintiff complained to 561/Elite about not being paid correctly.

33. Plaintiff suffered an adverse employment action.

34. There exists a causal connection between Plaintiff's complaints and the adverse employment action.

35. Defendants' actions violated the New Jersey State Wage and Hour Law ("NJWHL") and the Fair Labor Standards Act ("FLSA").

36. Defendants' actions were especially egregious and were motivated by actual malice or were the result of a willful and wanton disregard for the harm to Plaintiff.

37. Defendants have caused Plaintiff to suffer economic, physical, and emotional harm.

**WHEREFORE**, Plaintiff demands judgment against Defendants and seeks back pay, front pay, lost benefits, other compensatory damages, liquidated damages, emotional distress damages, punitive damages, interest, compensation for the negative tax consequences of receiving a damage award in the form of a one-time lump sum, attorney's fees, costs of suit, and such other relief that the Court may deem just and proper.

## COUNT THREE – FAILURE TO PAY MINIMUM WAGE

38. Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

39. Defendants violated the NJWHL and the FLSA by failing to pay Coco at least the minimum wage.

40. Defendants knew or showed reckless disregard for the matter of whether their conduct was prohibited by the NJWHL and/or FLSA.

41. Defendants have caused Plaintiff to suffer economic, physical, and emotional harm.

**WHEREFORE**, Plaintiff demands judgment against Defendants and seeks unpaid minimum wage, liquidated damages, punitive damages, interest, compensation for the negative tax consequences of receiving a damage award in the form of a one-time lump sum, attorney's fees, costs of suit, and such other relief that the Court may deem just and proper.

### COUNT FOUR – FAILURE TO PAY OVERTIME

42. Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

43. Defendants violated the NJWHL and the FLSA by failing to pay Plaintiff overtime pay at time and one-half Plaintiff's regular rate of pay for hours worked over 40 in a workweek.

44. Defendants knew or showed reckless disregard for the matter of whether their conduct was prohibited by the NJWHL and/or FLSA.

**WHEREFORE**, Plaintiff demands judgment against Defendants and seeks unpaid overtime, liquidated damages, punitive damages, interest, compensation for the negative tax consequences of receiving a damage award in the form of a one-time lump sum, attorney's fees, costs of suit, and such other relief that the Court may deem just and proper.

### COUNT FIVE – UNJUST ENRICHMENT

45. Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

46. Plaintiff performed services for Defendants.

47. Defendants accepted those services.

48. Plaintiff had an expectation of compensation for those services.

49. Defendants did not provide Plaintiff compensation for the services that Plaintiff rendered.

50. As a result, Defendants have been unjustly enriched.

**WHEREFORE**, Plaintiff demands judgment against Defendants and seeks payment for the reasonable value of the services rendered, attorney's fees, punitive damages, interest, compensation for the negative tax consequences of receiving a damage award in the form of a one-time lump sum, attorney's fees, costs of suit, and such other relief that the Court may deem just and proper.

**LAW OFFICES OF USMAAN SLEEMI**
Attorneys for Plaintiff

By: _____
Usmaan Sleemi, Esq.
Law Offices of Usmaan Sleemi
101 Eisenhower Parkway, Suite 300
Roseland, New Jersey 07068

Dated: 6/21/17

## DEMAND FOR TRIAL BY JURY

Plaintiff Willis Coco demands a trial by jury on all issues.

LAW OFFICES OF USMAAN SLEEMI<br>
Attorneys for Plaintiff<br><br>
By: _____<br>
Usmaan Sleemi, Esq.

Dated: 6/21/17

## DESIGNATION OF TRIAL COUNSEL

Usmaan Sleemi, Esq. is hereby designated as trial counsel in this matter.

LAW OFFICES OF USMAAN SLEEMI<br>
Attorneys for Plaintiff<br><br>
By: _____<br>
Usmaan Sleemi, Esq.

Dated: 6/21/17

## CERTIFICATION PURSUANT TO RULE 4:5-1

I, Usmaan Sleemi, certify as follows:

I am counsel for Plaintiff Willis Coco in this matter. To the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or arbitration proceeding, and no other action or arbitration proceeding is contemplated, and no other parties should be joined to this action.

I certify that the foregoing statements are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

LAW OFFICES OF USMAAN SLEEMI
Attorneys for Plaintiff

By: _____
Usmaan Sleemi, Esq.

Dated: 6/21/17

SUPERIOR COURT OF NEW JERSEY
ESSEX VICINAGE

JUN 23 2017

FINANCE DIVISION
RECEIVED / FILED